IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE MERCIER, et al.,

    Plaintiffs,

  vs.                              No. CIV S-07-1747 LEW GGH PS

DEPARTMENT OF JUSTICE, et al.,

    Defendants.          <u>ORDER</u>

                     /

        Plaintiffs George, Carol Ann, and Marisa Mercier are proceeding in this action pro se; however, only George Mercier has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff George Mercier has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted as to this plaintiff only.

        Plaintiffs Carol Ann Mercier and Marisa Mercier have not submitted in forma pauperis applications. These plaintiffs will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

1

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Before the court could screen the complaint, plaintiffs filed an amended complaint, styled, "amended extraordinary petition." The court cannot determine whether the amended complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading for the Federal Courts. Rule

---

[1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The amended complaint meets none of these requirements.

The amended complaint purports to add three additional events to plaintiff George Mercier's initial claim that he was stalked by a California State Penitentiary inmate who moved to Las Vegas, where Mr. Mercier resides. He alleges that the FBI is sending this man to stalk him. Am. Compl. at 2. Co-plaintiff Marisa Mercier alleges that she now repudiates, revokes and recants all transcripts of interviews and questions she submitted to the Salt Lake City Police Department and other agencies. She claims the FBI has had her interviewed by these other agencies order to obtain information to use against her. Id. at 3. Plaintiffs make numerous other incomprehensible statements throughout their pleading.

The amended complaint does not allege a basis for this court's jurisdiction. A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id. In any event, it is plaintiffs' obligation to state the basis of the court's jurisdiction in the complaint, and plaintiffs have not done so.

The requirement of a short and plain statement means a complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). In this case, plaintiffs name government agencies as defendants, but have named no individuals.

\\\\\

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the amended complaint must state the relief sought. Plaintiffs have failed to set forth any relief sought. Therefore, the amended complaint will be dismissed with leave to amend. Additionally, exhibits are not considered part of the complaint. Plaintiffs are advised that they may not reference attached exhibits to comply with any of the above requirements. It is not the function of the court to peruse exhibits and frame plaintiffs' cause of action for them, nor would it be proper to do so.

\\\\\

1  The amended complaint attempts to add new allegations to the original complaint;
2 however, plaintiffs are informed the court cannot refer to prior pleadings in order to make an
3 amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
4 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
5 original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
6 plaintiff files an amended complaint, the original no longer serves any function in the case.
7 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
8 alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
9 Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik
10 v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

11  Plaintiffs refer to plaintiff Marisa Mercier as their daughter, which raises the
12 question of whether this plaintiff is a minor.  While a non-attorney may represent him or herself
13 in a lawsuit, he or she has no authority to appear as an attorney for others.  "[A] parent or
14 guardian may not bring an action on behalf of a minor child without retaining a lawyer." Johns v.
15 County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  If plaintiff Marisa Mercier is indeed a
16 minor, plaintiffs will therefore be granted thirty days in which to obtain counsel.

17  Good cause appearing, IT IS ORDERED that:

18  1. Plaintiff George Mercier's request for leave to proceed in forma pauperis is
19 granted.

20  2. Plaintiffs Carol Ann Mercier and Marisa Mercier shall submit, within twenty
21 days from the date of this order, either completed applications and affidavits in support of their
22 requests to proceed in forma pauperis on the form provided by the Clerk of Court, or the
23 appropriate filing fees; plaintiffs' failure to comply with this order will result in a
24 recommendation that these plaintiffs be dismissed.

25  3. The Clerk of the Court is directed to send plaintiffs two Applications to
26 Proceed In Forma Pauperis.

      4. The amended complaint is dismissed, with leave to file a second amended complaint within thirty days from the date of service of this order. Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

      5. Plaintiffs shall set forth in their second amended complaint whether plaintiff Marissa Mercier is a minor. If so, plaintiffs are granted thirty days from the date of this order to obtain counsel and file a substitution of attorneys. Failure to obtain counsel will result in a recommendation that this plaintiff be dismissed without prejudice.

DATED: 11/19/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Mercier1747.amd.wpd